**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 03 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| ANDREW R. LAKE,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>      Defendant - Appellee. | No. 14-35503<br><br>D.C. No. 4:13-cv-00077-BMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 1, 2016[**]

Before: THOMAS, Chief Judge, D. W. NELSON and LEAVY, Circuit Judges.

Andrew Lake appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Lake contends that the administrative law judge ("ALJ") erred in determining that Lake's carpal tunnel syndrome is not a severe impairment. The record documented a single doctor visit that reflected a "suspect[ed]" diagnosis of "possible tunnel neuropathy" based solely on Lake's reported symptoms, and no further testing or other follow up. Substantial evidence supports the ALJ's decision that Lake's carpal tunnel syndrome was not a severe impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Lake contends that the ALJ erred in discrediting his symptom testimony. The ALJ provided specific, clear, and convincing reasons for the credibility assessment, including inconsistencies between Lake's testimony regarding his limitations and the medical opinions and documentary evidence. *See Molina*, 674 F.3d at 1112-13 (ALJ can reject claimant testimony about severity of symptoms by offering specific, clear, and convincing reasons); *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007).

Lake challenges the ALJ's residual functional capacity ("RFC") assessment and resulting finding that Lake is not disabled. The ALJ posed an alternative light

2

RFC assessment to the vocational expert ("VE") that included all of Lake's credible limitations. The ALJ provided a reasonable and sufficient rationale and properly relied on the VE's expert testimony that Lake could perform his past work as a cashier, housekeeper, and bartender, as well as the jobs of office helper and rental clerk, all of which exist in significant numbers in the national economy. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (stating that this court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**